IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Shahnaz Zarif** and **Renee Goggans**, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**Central Credit Services, LLC**,<br><br>Defendant. | Case No. 1:16-cv-7501<br><br>**First Amended Complaint**<br><br>Class Action<br><br>Jury Trial Demanded<br><br>Hon. Samuel Der-Yeghiayan |

Plaintiffs Shahnaz Zarif and Renee Goggans (together the "Plaintiffs"), individually and on behalf of all others similarly situated, make the following allegations and claims against Central Credit Services LLC ("CCS" or "Defendant"), upon personal knowledge, investigation of their counsel, and on information and belief.

1. This action seeks redress on a classwide basis for business practices that violate the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 ("TCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). It also seeks redress on an individual basis for violations of the FDCPA and California's Rosenthal Fair Debt Collection Practices Act, Civ. Code § 1788 *et seq.* ("R-FDCPA").

2. This Court has jurisdiction to grant the relief sought by Plaintiffs pursuant to 47 U.S.C. § 227(b), 28 U.S.C. § 1331, and 15 U.S.C. § 1692k(d). This Court has jurisdiction over pendant state law claims pursuant to 28 U.S.C § 1367.

3. Venue is proper in this district as several of the violations complained of herein occurred in this District and Defendant does substantial business here,

1

collecting (or attempting to collect) debts from Illinois residents. Defendant has registered with the Illinois Secretary of State to do business as a foreign entity, listing an address on LaSalle Street in Chicago as the appropriate place to accept service within the state.

## Parties

4. Plaintiff Goggans is, and at all times mentioned herein was, a citizen and resident of the State of California. Plaintiff Zarif divides her time between Southern California and Chicago, working in the advertising industry. She maintains an active professional presence in this District and uses a telephone number in the 630 area code as her primary personal and professional point of contact. Plaintiffs are each a "person" as defined by 47 U.S.C. § 153 (39) and California Civil Code § 1788.2(g). Plaintiff Goggans is allegedly obligated with respect to a consumer debt as that term is defined in 15 U.S.C. § 1692c(b).

5. Plaintiff Zarif is the regular and exclusive user of a cellular telephone with service provided by AT&T. Pursuant to the terms of service, the account is charged for each call within the meaning of 47 U.S.C. § 227(b)(1)(A)(iii). The cell phone number upon which she received calls from Defendant is 630-XXX-1013. Plaintiff Zarif pays taxes to the State of Illinois for this telephone number.

6. Plaintiff Goggans is the subscriber to cellular telephone service provided by AT&T Mobility, LLC. Pursuant to the terms of service, the account is charged for each call within the meaning of 47 U.S.C. § 227(b)(1)(A)(iii). The cell phone number upon which she received calls from Defendant is 619-XXX-6507.

7. Plaintiffs Goggans and Zarif are not related to each other, are strangers to each other, and have never met.

8. Defendant is a collection agency and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Defendant is a person who, in the ordinary course of business, regularly, on behalf of itself or others, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c). Defendant is not an attorney or counselor at law, nor an association of such licensed professionals.

## Facts

9. The FDCPA, specifically 15 U.S.C. § 1692a(5), sets out the definition of "debt(s)" as financial obligations primarily for personal, family or household purposes.

10. Plaintiff Zarif is informed and believes, and on that basis alleges, that Defendant was retained by unidentified third party or parties to collect on a student loan debt allegedly owed by Plaintiff Zarif's sister. That debt was incurred for personal, family, or household purposes, meeting the criteria for "debt(s)" under 15 U.S.C. § 1692a(5).

11. Plaintiff Goggans is informed and believes, and on that basis alleges, that Defendant was retained by a third party, to collect on a student loan debt allegedly owed by her. Plaintiff did take out a student loan several years prior to receiving calls from Defendant, but consolidated those loans and is current on that consolidated debt. Those student loans were incurred for personal, family, or household purposes, meeting the criteria for "debt(s)" under 15 U.S.C. § 1692a(5) and "consumer debt" under Cal. Civ. Code §§ 1788.2(d), (e), and (f).

12. Upon information and belief, neither student loan for which Defendant was seeking payment in its contacts with Plaintiffs are owed to or guaranteed by the United States within the meaning of 47 U.S.C. § 227(b)(1)(A)(iii).

13. Defendant's multiple calls to both Plaintiffs discussed in this Complaint all fall within the term "communication" as it is defined by 15 USC § 1692a(2) and a "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b).

**Plaintiff Zarif**

14. Plaintiff Zarif is the regular and exclusive user of a cellular telephone service for a phone number in the 630 area code ending 1013, registered in her name, where she received the calls from Defendant complained of herein.

15. Plaintiff Zarif did not provide the 1013 telephone number to Defendant through any medium at any time, nor did anyone else to her knowledge.

16. On June 9, 2016, Plaintiff Zarif received a call on her 1013 telephone number bearing the Caller ID number of 312-647-2801, a number unknown to her. The caller left a 2 second voicemail message that had no identifying information or audible sound.

17. About an hour later, Plaintiff Zarif called 312-647-2801 to see who had called her, thinking it may be a friend or possibly a work contact. She spoke to a female service representative who said that Plaintiff Zarif's 1013 phone number was put down as a contact number for one of their accounts.

18. Plaintiff Zarif said that it was her personal cell phone and no one else could be reached there. She then asked who was calling and the representative explained that she was calling from Central Credit Service and was calling about "a very important matter," but refused to give any additional details and refused to confirm or deny that Central Credit Service was a debt collector. The representative identified herself as Keianna Sales.

19. Plaintiff Zarif instructed Ms. Sales that Defendant should not call her cell phone and said that this was not a valid contact number for anyone except her.

20. The next day, June 10, 2016, Plaintiff Zarif was in the middle of a work conference call with her immediate supervisor and four other co-workers when she received another incoming call from Defendant on her 1013 cell phone number. Plaintiff Zarif was interrupted in her presentation to her team and had to begin again due to Defendant's unconsented call. This caused her frustration and embarrassment.

21. This call to Plaintiff's 1013 cell phone number also had the same Caller ID of 312-647-2801 as the call the previous day. Defendant's representative left the following voicemail: "I have an important message from Central Credit Services. Call is from a debt collector. Contact Peter Ocasio [ph], 866-702-5118."

22. Plaintiff Zarif received another call on her 1013 cell phone number on June 16 and June 30, and another on July 12, 2016. All of the calls bore the Caller ID of 312-647-2801.

23. Upon information and belief, Plaintiff alleges that each of the calls made by Defendant were placed using an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1) and/or an artificial or prerecorded voice, as prohibited by 47 U.S.C. § 227 (b)(1)(A). This ATDS used by Defendant to call Plaintiff Zarif had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

24. Each of these calls was an attempt to collect on a consumer debt allegedly due and owing by another. None of the calls were made with Plaintiff Zarif's consent.

25. Each of these identified calls were made with ANI / caller ID information showing that it was originated in the 312 area code. That area code is

5

assigned to the City of Chicago, Illinois. According to its public statements and postings for employment opportunities, Defendant has two call centers, the first in St. Charles, Missouri and the other in Jacksonville, Florida. Its parent company, non-party Radius Global Solutions LLC, is headquartered in Ambler, Pennsylvania, and has "operational centers" in Jacksonville, St. Charles, and Gurgaon, India.

26. Defendant used false ANI / caller ID information in placing its collection calls in order to increase the chances that Plaintiff Zarif would accept the call, even though it was a deliberate misrepresentation of the calls' geographic origins.

**Plaintiff Goggans**

27. Plaintiff Goggans is a subscriber to cellular telephone services for a telephone number ending in 6507, where she received the calls from Defendant complained of herein.

28. Plaintiff Goggans did not provide the 6507 telephone number to Defendant through any medium at any time. Defendant obtained Plaintiff Goggans's contact information, including the 6507 number, through means unknown to her.

29. Beginning no later than July 2014, Defendant initiated multiple telephonic communications from various telephone numbers to Plaintiff Goggans' cellular telephone number ending in 6507 using an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1) and/or an artificial or prerecorded voice, as prohibited by 47 U.S.C. § 227 (b)(1)(A).

30. The calls identified by Plaintiff Goggans continued through January 2015. In total, Defendant placed not less than 110 calls to Plaintiff Goggans' cellular telephone number ending in 6507.

31. Plaintiff Goggans believes that there were additional calls placed by Defendant to her cellular telephone number that were not preserved and seeks discovery to identify those additional calls.

32. None of the calls were made with Plaintiff Goggans' express consent.

33. Plaintiff Goggans answered at least twenty of the above mentioned autodialed telephone calls from Defendant to her cellular telephone number ending in 6507 and asked Defendant to stop calling. She explained that she was not obligated on the debt Defendant claimed she owed, yet the calls continued without interruption.

**Common Facts**

34. Directly as well as through its subsidiaries, contractors and agents, Defendant employs hundreds of persons at various call centers throughout the country and overseas. These calling centers use automatic telephone dialing systems and computerized account information to track, record, and maintain the hundreds of thousands of debts collected by Defendant.

35. A significant portion, if not a majority, of Defendant's business operations are dedicated to servicing consumer loans that are in default, foreclosure, have been charged off by the original lender, or are subject to discharge in bankruptcy

36. Defendant's regular business practices include making repeated phone calls to persons it believes responsible for paying past-due accounts.

37. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing and debt collection practices. The TCPA regulates, *inter alia*, the use of automated dialing systems. Specifically, section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party. The

7

TCPA's definition of an automatic telephone dialing system includes a "predictive dialer." *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638-9 (7th Cir. 2012).

38. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

39. On January 4, 2008, the FCC issued a Declaratory Ruling confirming that autodialed calls and calls using an artificial voice or pre-recorded message to a wireless number by a creditor or on behalf of a creditor are permitted only if the calls are made with the "prior express consent" of the called party. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("FCC Declaratory Ruling"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

40. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed." *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶10).

41. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff gave her express

consent to Defendant to use an autodialer to call her cell phone within the meaning of the statute. *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

42. Neither Plaintiff ever listed her respective cellular telephone number in or on any documents during a transaction with Defendant, nor did they subsequently give their express consent to receive calls on their respective cellular telephone.

43. In calling both Plaintiffs on their cellular telephone lines multiple times at various times per day using an ATDS and without their consent, Defendant violated 47 U.S.C. § 227(b).

44. Through this conduct of calling Plaintiffs more than once when Defendant knew or should have known that Plaintiffs were not obligated on the respective alleged consumer debt, Defendant violated 15 U.S.C. § 1692b(3), which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17. Through this conduct, Defendant violated Cal. Civ. Code § 1788.17.

45. Through this conduct of calling each Plaintiff and causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number, Defendant engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the debt, in violation of 15 U.S.C. § 1692d(5), which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17. Through this conduct, Defendant violated Cal. Civ. Code § 1788.17.

46. Through this conduct of calling Plaintiffs using deliberately false caller ID area code information, Defendant used false, deceptive, or misleading representations in connection with the collection of any debt, in violation of 15 U.S.C. §

9

1692e, which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17. Through this conduct, Defendant violated Cal. Civ. Code § 1788.17 as well as the FDCPA.

47. Each of the above-described practices and conduct outlined in the paragraphs above also constitute unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f, which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17. Through this conduct, Defendant violated Cal. Civ. Code § 1788.17 as well as the FDCPA.

48. Through this conduct of calling each Plaintiff by means of an ATDS to a telephone number assigned to cellular service without first obtaining the respective Plaintiff's express consent in order to collect on a consumer debt, Defendant used unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f, which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17. Through this conduct, Defendant violated Cal. Civ. Code § 1788.17.

49. Through this conduct of calling each Plaintiff using an artificial or prerecorded voice to a telephone number assigned to cellular service without first obtaining the respective Plaintiff's express consent in order to collect on a consumer debt, Defendant used unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f, which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17. Through this conduct, Defendant violated Cal. Civ. Code § 1788.17.

50. The calls placed by Defendant to Plaintiffs were extremely intrusive into their personal lives, including their relationships with close family members.

///

### Class Action Allegations

51. Plaintiffs brings this class action pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and on behalf of all others similarly situated.

52. The first proposed TCPA Class that Plaintiffs seek to represent is defined as follows:

> All persons who had or have a number assigned to a cellular telephone service, which number was called by Defendant using an automatic telephone dialing system and/or an artificial or prerecorded voice in the four years prior to filing of this action.

53. The second proposed FDCPA Class that Plaintiff Zarif seeks to represent is defined as follows:

> All persons who had or have received a call from Defendant, in the one year prior to the filing of this action, in which Defendant or one of their agents caused to be displayed on the recipient's telephone a Caller ID area code from any number assigned to the geographic area of the State of Illinois by the North American Numbering Plan.

54. Collectively, these persons will be referred to as "Class members." Plaintiffs represent, and are members of, the respective Classes. Excluded from the Classes are Defendant and any entities in which Defendant or its subsidiaries or affiliates have a controlling interest, Defendant's agents and employees, the judicial officer to whom this action is assigned and any member of the court staff and immediate family. Also excluded are claims for personal injury, wrongful death, and emotional distress.

55. Plaintiffs do not know the exact number of members in each Class, but based upon Defendant's public statements regarding its business in the United States and investigation of their counsel, Plaintiffs reasonably believe that the members of

each Class number in the thousands, if not more. The Classes include consumers who are obligated on debts serviced by or placed with Defendant, as well as persons who co-signed for those debts, and all other persons whom Defendant or their affiliates, agents, contractors, or employees dialed (or mis-dialed).

56. There are questions of law and fact common to the members of each Class that predominate over any questions affecting only individual members, including, whether Defendant made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system and/or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service in violation of the TCPA. Additional common questions include well as whether Defendant made any call using falsified caller ID area code information to any telephone number in violation of the FDCPA.

57. Plaintiffs' claims are typical of the claims of the members of the Class. Neither Plaintiff Zarif nor Plaintiff Goggans have any interests antagonistic to those of either Class, and Defendant has no defenses unique to either Plaintiff.

58. Plaintiffs will fairly and adequately protect the interests of each Class, and have retained attorneys experienced in class and complex litigation.

59. A class action is superior to all other available methods for the fair and efficient adjudication of the respective controversies for the following reasons:

    a. It is economically impractical for members of the Class to prosecute individual actions;

    b. The Class is readily definable; and

    c. Prosecution as a class action will eliminate the possibility of repetitious litigation.

12

60. A class action will cause an orderly and expeditious administration of the claims of eacn Class. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

61. Class wide relief is essential to compel Defendant to comply with the TCPA and the FDCPA. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA and FDCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones, nor was the Caller ID information for any call accurate and truthful.

62. Defendant has acted on grounds generally applicable to each Class, thereby making final injunctive relief and corresponding declaratory relief with the respect to the Class as a whole appropriate. Moreover, the TCPA and FDCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

### First Claim for Relief — TCPA

63. Plaintiffs re-allege and incorporate by reference the above paragraphs as though set forth fully herein.

64. The foregoing act and omissions of Defendant constitutes numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

65. As a result of Defendant's negligent violations of the TCPA, Plaintiffs and Class members are entitled to an award of $500 in statutory damages for each and every call placed in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

66. Plaintiffs and all Class members are also entitled to and do seek injunctive relief prohibiting such negligent conduct that violates the TCPA by Defendant in the future.

### Second Claim for Relief — TCPA

67. Plaintiffs re-allege and incorporate by reference the above paragraphs as though set forth fully herein.

68. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing or willful, or both, violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

69. As a result of Defendant's knowing and willful violations of the TCPA, Plaintiffs and each member of the Class are entitled to treble damages of up to $1,500 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

70. Plaintiffs and Class members are also entitled to and do seek injunctive relief prohibiting such willful conduct that violates the TCPA by Defendant in the future.

### Third Claim for Relief — FDCPA

71. Plaintiffs re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

72. The deliberate acts of Defendant in falsely displaying Caller ID information from an area code assigned to the geographic area of the State of Illinois

constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA.

73. As a result of Defendant's multiple violations of the FDCPA in placing deliberately false and misleading Caller ID information, Plaintiff Zarif and members of the FDCPA Class are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $500,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(B), and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### Fourth Claim for Relief – FDCPA

Individual Basis Only (Plaintiff Goggans)

74. Plaintiffs re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

75. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*

76. As a result of each and every one of Defendant's violations of the FDCPA, Plaintiffs are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

77. This Fourth Claim for relief is alleged on an individual basis only for Plaintiff Goggans.

///

## **Fifth Claim for Relief — RFDCPA**

Individual Basis Only (Plaintiff Goggans)

78. Plaintiffs re-allege and incorporate by reference the above paragraphs as though set forth fully herein.

79. The foregoing acts and omissions of Defendant in calling Plaintiff Goggans constitute numerous and multiple violations of the RFDCPA, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code §§ 1788-1788.32.

80. As a result of Defendant's violations of the RFDCPA, Plaintiff Goggans is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a), statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b), and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c).

81. This Fifth Claim for relief is alleged on an individual basis only for Plaintiff Goggans.

## **Jury Trial Demand**

82. Plaintiffs demand a jury trial on each of the causes of action set forth above, including the amount of statutory damages.

///

16

## Prayers for Relief

In light of the foregoing, Plaintiffs respectfully pray that judgment be entered against Defendant Transworld Systems, Inc., for the following:

1. An injunction against further violations;

2. Damages pursuant to 47 U.S.C. § 227(b)(3) on a class-wide basis;

3. Damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) on an individual basis;

4. Damages pursuant to Cal. Civ. Code §§ 1788.17 and 1788.30 on an individual basis;

5. Costs of litigation and reasonable attorneys' fees both as part of a common fund, if any, and pursuant to statute;

6. Such other and further relief as the Court may deem just and proper

Dated:   November 4, 2016                ANKCORN LAW FIRM, PC

*/s/ Mark Ankcorn*
Attorneys for Plaintiffs


N.D. Illinois General Bar No. 1159690
California Bar No. 166871

*mark@ankcorn.com*
11622 El Camino Real, Suite 100
Del Mar, California 92130
(619) 870-0600 phone
(619) 684-3541 fax

Local Office:
Ankcorn Law Firm, PC
1608 S. Ashland Ave. #92015
Chicago, Illinois 60608-2013